UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------------------X

BERNABE MALDONADO,

                 Plaintiff,

      -against-

BANK OF AMERICA, N.A., COUNTRYWIDE
HOME LOANS, INC., COUNTRYWIDE
FINANCIAL CORPORATION, FIRST RATE
CAPITOL CORPORATION,

                 Defendants.

-----------------------------------------------------------------------X

**<u>MEMORANDUM & ORDER</u>**
14–CV–7145 (JMA)(AKT)

**FILED
CLERK**

9/30/2016 1:10 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Bank of America, N.A., have moved to dismiss <u>pro se</u> plaintiff Bernabe Maldonado's amended complaint. Plaintiff attempts to assert a claim under the False Claims Act, 31 U.S.C § 3730, alleging that defendants' engaged in fraudulent lending practices in connection with plaintiff's mortgage. Plaintiff's amended complaint also alleges other, unspecified, claims under federal and state law. For the following reasons, plaintiff's complaint is dismissed.

## I. BACKGROUND

       On January 4, 2014, plaintiff filed his original complaint against Countrywide Home Loans Inc. ("CHL") and First Rate Capitol Corp. ("First Rate"). (Compl., ECF No. 1.) In this complaint, plaintiff alleged that this Court had jurisdiction over the action on the basis of diversity citizenship, under 28 U.S.C. § 1332. In the complaint, plaintiff alleged that defendants engaged in fraudulent lending practices that discriminated against minorities and deprived plaintiff of his constitutional rights. (Compl. at 3.)

In June 2015, CHL filed a pre-motion conference letter, seeking to dismiss the complaint for lack of subject matter jurisdiction.[1]  In the complaint, plaintiff alleged that he and First Rate were both New York citizens and that CHL was a citizen of Texas.  (Compl. at 2.)  As a result, CHL argued that plaintiff failed to allege complete diversity.  CHL also indicated that CHL is incorporated in New York and, therefore, is also New York citizen, despite plaintiff's contrary assertions.  (Compare Compl. at 2 with N.Y.S. Dep't of State Printout, Ex. 1, ECF No. 13-1.)

In response to the pre-motion letter, plaintiff requested permission to file an amended complaint, which the Court granted.  In plaintiff's amended complaint, plaintiff named as defendants CHL, First Rate, Bank of America, N.A. ("BANA"), and Countrywide Financial Corporation ("CFC").  In the amended complaint, plaintiff asserts a cause of action under the False Claims Act, as well as unspecified "claims of violation of federal constitutional rights" and "state law tort claims." (Amended Compl. ¶¶ 1−2, 10, ECF No. 18.)  The factual allegations in plaintiff's amended complaint are largely copied from the complaint in intervention filed in a qui tam suit in the Southern District of New York, United States ex rel. O'Donnell v. Bank of Am. Corp., Case No. 12-CV-1422 (S.D.N.Y).  (Compare Amended Compl. with Compl. in United States ex rel. O'Donnell v. Bank of Am. Corp., 12-CV-1422, Ex. 6 to Defs.' Mot., ECF No. 34-6.)  The only unique factual allegations in plaintiff's amended complaint are his claim that his mortgage was one of the mortgages caught up in the scheme alleged in O'Donnell.

In October 2015, CHL filed a pre-motion conference letter on behalf of itself, BANA, and CFC.[2]  In January 2016, defendants moved to dismiss plaintiff's amended complaint.

---

[1]  First Rate was not served and has not appeared.  (See Summons Returned Unexecuted, ECF No. 7.)  According to defendants, First Rate is an inactive corporation and was dissolved on October 26, 2011. (Defs.' Mem in Support of Mot. at 1 n.1, ECF No. 35.)  On November 4, 2015, plaintiff moved for an extension of time to effectuate service, which Magistrate Judge Tomlinson recommended that this Court deny.  (Report and Recommendation, ECF No. 31.)

[2]  In the letter, defense counsel noted that although BANA and CFC have never been served, they were joining in CHL's motion to obtain complete relief. (Letter dated Oct. 8, 2015, at 1, n.1, ECF No. 19.)

Although plaintiff had until January 15, 2016, to oppose the motion, he did not file any response. On May 2, 2016, the Court issued an order, warning plaintiff to either file an opposition to defendants' motion or indicate by letter that he still intends to prosecute this lawsuit. (Order, dated May 2, 2016, ECF No. 39.) The order warned plaintiff that his case may be dismissed for failure to prosecute should he fail to respond. The copy mailed to plaintiff, however, was returned as undeliverable. (ECF No. 42.) To date, plaintiff has not filed anything since his second motion for an extension of time to effectuate service upon First Rate, in February 2016. (Mot. for Extension of Time, ECF No. 38.)

## II. DISCUSSION

### A. <u>Standard of Review</u>

While <u>pro se</u> plaintiffs must satisfy pleading requirements, federal courts are "obligated to construe a <u>pro se</u> complaint liberally." <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). Since <u>pro se</u> litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read 'to raise the strongest arguments that they suggest.'" <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (quoting <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)). A <u>pro se</u> plaintiff's pleadings need only provide the defendants fair notice of the claim. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007). However, the pleadings must still include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 533, 570 (2007). When a <u>pro se</u> plaintiff has altogether failed to satisfy a pleading requirement, the court should not hesitate to dismiss his claim. <u>See Rodriguez v. Weprin</u>, 116 F.3d 62, 65 (2d Cir. 1997). Also, a <u>pro se</u> complaint that fails to establish subject matter jurisdiction must be dismissed. <u>Rene v. Citibank NA, 32 F. Supp. 2d 539, 541−42 (E.D.N.Y. 1999)</u>.

Plaintiff's amended complaint is the operative complaint and supersedes all previous complaints.  See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).

## B. **Analysis**

Defendants argue that plaintiff failed to meet several of the procedural requirements to bring an action under the False Claims Act.  For example, a private person may bring an action under the False Claims Act as a relator, in the name of the government, but must serve a copy of the complaint on the government and file the complaint in camera, where it remains under seal for at least sixty days.  31 U.S.C. § 3730(b)(1)–(2).  This allows the government an opportunity to intervene in the action.  Id.  Because plaintiff did not comply with these and other procedural requirements, his False Claims Act claim must be dismissed.  See U.S. ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 998–99 (2d Cir. 1995); Avile v. Feitell, No. 07-CV-2987, 2008 WL 2139153, at *2 (S.D.N.Y. May 20, 2008).

Furthermore, the Second Circuit has held that a pro se plaintiff may not bring a claim under the False Claims Act.  See United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93 (2008) (holding that relators bringing a False Claims Act qui tam action "are not entitled to proceed pro se").  Because plaintiff is not represented by an attorney and, thus, not qualified to represent the interests of the United States, he cannot bring a False Claims Act claim.

In the amended complaint, plaintiff also alleges other unspecified "claims of violation of federal [and] constitutional rights" and "state law tort" claims.  Plaintiff's alleged "constitutional" claims also must be dismissed.  As defendants note, a plaintiff cannot bring a constitutional claim under the civil rights statute, 42 U.S.C § 1983, against a defendant who is not a state actor.  Because plaintiff has failed to allege any facts to demonstrate that defendants were acting under color of state law, plaintiff has failed to allege any constitutional claims.  See 42 U.S.C. § 1983; Rolle v.

Bryant, No. 14-CV-5906, 2014 WL 5877951, at *2 (E.D.N.Y. Nov. 12, 2014) (dismissing pro se complaint in which the plaintiff purportedly alleged a claim under Section 1983, but provided no facts to plausibly state that the defendants were acting under color of state law).

To the extent that plaintiff has attempted to allege violations of other unspecified "federal" rights, a review of plaintiff's factual allegations establishes that plaintiff has failed to state a claim under any relevant federal statute.  Accordingly, plaintiff's claims alleging violations of his federal rights are dismissed.

Because plaintiff does not have any viable federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims that plaintiff purports to raise in the amended complaint.  Furthermore, the amended complaint has not alleged jurisdiction based on diversity of citizenship.  In any event, even if it had, complete diversity is absent here.

Finally, to the extent it is not mooted by this case's dismissal, I adopt in its entirety Judge Tomlinson's Report and Recommendation from January 2016, which recommended that the Court deny plaintiff's request for an extension of time to effectuate service upon First Rate.[3]

### III. CONCLUSION

For the foregoing reasons, the complaint is dismissed. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated:  September 30, 2016
Central Islip, New York

                                        /s/      (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[3]  Plaintiff failed to timely file any objection, and the Report and Recommendation otherwise contains no clear error.